UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ASHLEY BENZ,

               Plaintiff,

v.                                               **ORDER**
                                                 14-CV-0101S

JEAN CALDER, JASON R. TIEFEL, JOHN M.
SZCZEPANSKI, KENNETH D. JOHNSON, M.G.
FITZPATRICK and SNORACK, LLC,

               Defendants.

1. Plaintiff commenced this negligence action on November 15, 2013 in New York State Supreme Court, Erie County, against several defendants, including Jason R. Tiefel, an employee of the United States Department of Navy. On February 14, 2014, the Government removed the matter to this Court on the ground that, at the time of the automobile accident on which the complaint is based, Tiefel was acting within the scope of his employment with an agency of the United States. Pending before this Court is the Government's motion to substitute the United States for Tiefel as a defendant, and for dismissal of the complaint as against it for lack of jurisdiction and insufficiency of service of process.

2. Under the Federal Tort Claims Act ("FTCA"):

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title

and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). Here, the Government has submitted the certification of the United States Attorney for the Western District of New York, acting with delegated authority, that Tiefel was acting within the scope of his employment at the time of the alleged incident. (Docket No. 1 at 27.)  Accordingly, the United States is the proper defendant and shall be substituted for Jason R. Tiefel as a named defendant.

3. The Government next argues that the Complaint must be dismissed as against the United States for lack of subject matter jurisdiction.  The FTCA constitutes a limited waiver by the United States of its sovereign immunity to allow tort suits against it under specified circumstances. Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007). This waiver is contingent upon a claimant first filing an administrative claim with the appropriate agency prior to commencing a lawsuit. 28 U.S.C. § 2675(a); Keene Corp. v. United States, 700 F.2d 836, 840 (2d Cir. 1983), *cert denied* 464 U.S. 864 (1983).  This requirement is jurisdictional and cannot be waived. Keene Corp., 700 F.2d at 841; Mele v. Hill Health Ctr., 609 F. Supp. 2d 248, 257 (D. Conn. 2009).  The Government argues that Plaintiff failed to file an administrative claim with the United States Department of Navy as required, therefore dismissal for lack of subject matter jurisdiction is warranted.  Plaintiff has filed no opposition to this motion, despite being warned of the consequences of failing to do so. (Docket No. 7); see APWU v Potter, 343 F.3d 619, 623 (2d Cir. 2003) (when challenged, a plaintiff bears the burden of establishing that subject matter jurisdiction exists).  This Court therefore finds that, in the absence of evidence that Plaintiff exhausted

her administrative remedy with respect to this FTCA claim, the complaint must be dismissed as against the United States for lack of subject matter jurisdiction.[1]

4.  Finally, this Court declines to exercise its discretion to retain supplemental jurisdiction over Plaintiff's state law negligence claim against the remaining defendants. See Tops Markets v. Quality Markets, 142 F.3d 90, 103 (2d Cir. 1998) (balance of factors generally favors declining to exercise supplemental jurisdiction when all federal claims are eliminated in the early stages of litigation); see generally Parker v. Della Rocco, 252 F.3d 663, 666-67 (2d Cir. 2001). The matter will therefore be remanded back to state court.

IT HEREBY IS ORDERED, that pursuant to 28 U.S.C. § 2679(d)(2), the United States is substituted for Jason R. Tiefel as a defendant in this action;

FURTHER, that the motion of the United States for substitution and dismissal of the complaint as against it (Docket No. 3) is GRANTED;

FURTHER, that the Clerk of the Court is directed to transfer this case to the New York State Supreme Court, County of Erie;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: May 8, 2014
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[1] In light of this conclusion, the Government's service of process argument is moot.